IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| STACEY KNOX | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. TMD 10-1125 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Stacey Knox ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claim for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Title XVI and of the Social Security Act, 42 U.S.C.§§ 401-33, 1381-83(c). Before the Court are Plaintiff's Motion for Summary Judgment (or Remand) (Pl.'s Mot. Summ., ECF No. 13) and Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 15). For the reasons presented below, Defendant's Motion for Summary Judgment is GRANTED.

I. Procedural History

Plaintiff filed her applications for DIB and SSI on November 15, 2005 alleging disability since October 31, 2005 due to high blood pressure, emphysema, heart condition, and past history of high blood sugar. R. at 51, 99. Her claim was denied initially and on reconsideration. R. at 38-39, 45-47. On June 6, 2008, a hearing was held before an administrative law judge ("ALJ")

at which Claimant and a vocational expert ("VE") testified. R. at 414-49. Plaintiff was represented by counsel. In a decision dated July 17, 2008, the ALJ denied Plaintiff's request for benefits. R. at 12-22. On March 26, 2010, the Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final decision subject to judicial review. R. at 4-6.

## II. ALJ's Decision

The ALJ evaluated Plaintiff's claim for DIB and SSI using the sequential processes set forth in 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since her alleged onset date. At step two, the ALJ determined that Claimant suffered from the following severe impairments: chronic obstructive pulmonary disease with history of respiratory failure, left bundle branch block with history of congestive heart failure, diabetes mellitus with neuropathy, chronic microvascular ischemia, and obesity. At step three, the ALJ found that her impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that, given her Residual Functional Capacity ("RFC"), Plaintiff was unable to perform her past relevant work. At step five, the ALJ concluded that Claimant was capable of performing jobs that existed in significant numbers in the national economy. Accordingly, he concluded that Claimant was not disabled. R. at 12-22.

## III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995);

*Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

## IV. Discussion

A. Treating Physician Rule

Plaintiff argues that the ALJ erred in giving little weight to the opinion of her treating physician, Dr. Waseem, and instead giving greater weight to the opinion of consultative examiner, Dr. Koduah Peprah. Under the "treating physician rule" a treating physician's opinion is given controlling weight if it is well-supported by medically acceptable clinical evidence and not inconsistent with other substantial evidence of record. *See* 20 C.F.R §§ 404.1527(d)(2), 416.927(d)(2); *Mastro v. Apfel,* 270 F.3d 171, 178 (4th Cir.2001). However, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater,* 76 F.3d 585, 590 (4th Cir.1996); 20 C.F.R. §§ 404.1527(d)(4), 416.927(d)(4). "Under such

3

circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro,* 270 F.3d at 178.

Dr. Waseem that he treated Claimant since May, 2001. R. at 298. (He later indicated that he had treated her since January, 2001. R. at 396). On August 10, 2006, Dr. Waseem completed a Medical Assessment of Ability to Do Work-Related Activities (Physical) in which he concluded that Claimant could lift only 5 pounds but that she could not carry any weight occasionally ("from very little to up to 1/3 of an 8-hour day) or frequently (from 1/3 to 2/3 of an 8-hour day). R. at 295. He further opined that she could stand and/or walk only 2 hours in an 8 hour work day but that sitting was not affected by her impairments. *Id*. at 296. He also indicated that reaching, handling, and pushing/pulling were affected by the impairment and that she should be restricted from moving machinery, temperature extremes, dust, noise, fumes and humidity. *Id.* at 297. He also found she could never climb, stoop, kneel or crawl based on COPD (Chronic Obstructive Pulmonary Disease), CVA (cerebrovascular accident), DM (Diabetes Mellitus) and CHF (Congestive Heart Failure). Dr. Waseem completed a second assessment in September, 2007 in which he opined that Claimant could lift or carry no more than 10 pounds frequently or occasionally, that she could sit, stand or walk for only 1 hour in an eight-hour work day, that she could never climb, balance, crouch, kneel or crawl and could only occasionally stoop. R. at 359, unnumbered page after 359. He also indicated that feeling, pushing/pulling, seeing, hearing and speaking were not affected by her impairment and she had no environmental restrictions. R. at 360. A third assessment was completed in May, 2008 at which time Dr. Waseem indicated Claimant could only lift five pounds, occasionally lift very

4

little and never lift any weight frequently. R. at 393. He indicated she could sit for 15 minutes without interruption and one hour in an eight hour work day. *Id*. at 394. He opined that she could frequently balance and occasionally climb but never stoop, crouch, kneel or crawl. *Id*. He said she was affected in her ability to reach, handle, feel, push/pull and speak and that she had limitations in her ability to withstand temperature extremes and humidity. *Id*. at 395. His medical findings supporting his assessments included CVA, left sided weakness, carpel tunnel, and lower back pain radiating down her leg. *Id.* at 393-94.

The ALJ provided a lengthy discussion of the opinions provided by Dr. Waseem. He noted that generally his assessments limited Plaintiff to less than a full range of sedentary work based on his limitation that Claimant could sit for a maximum of one hour in a workday. R. at 19. The ALJ did not afford that opinion controlling weight as Dr. Waseem did not provide specific medical findings in support of his restrictions but only cited general diagnoses. *Id*., R. at 295-96, 359-60, 393-96. He further noted that Dr. Waseem did not include any specific clinical or laboratory findings to support his assessments, that his progress notes provided few specifics and pulmonary function studies, cardiac catherization and physical examination findings from the consulting physician were generally negative. *Id*., *see, e.g.*, R. at 277-80, 282, 315-317, 318, 321, 362. With respect to his third report, the ALJ also noted some internal inconsistency in Dr. Waseem's own statements and inconsistent with the findings of other physicians. *Id*. For example, while he attributed lifting and carrying restrictions to a cardiovascular accident, he reported that the cardiovascular accident resulted in "good recovery." R. at 19, 393, 396. Additionally, while Dr. Waseem indicated limitations in

reaching and handling, the consulting physician, Dr. Peprah, noted normal grip strength and normal hand dexterity and a full range of motion in all joints in upper extremities. *Id.*, R. at 277-80; *see also* R. at 164. The ALJ indicated that the limitations expressed by Dr. Waseem seemed to base on Claimant's own subjective complaints. R. at 393. The ALJ thoroughly and properly found that Plaintiff's subjective complaints were not entirely credible. R. at 18. Finally, although Dr. Waseem indicated reaching, handling, pushing/pulling, seeing, hearing and speaking were all affected, he provided no details. R. at 297, 360, 395.

Given the above discussion, the Court finds that the ALJ's decision to not afford the opinions of Dr. Waseem controlling weight is supported by substantial evidence.[1]

B. VE Testimony

Plaintiff next contends that the ALJ violated Social Security Ruling 00-4p by failing to ask the VE about any conflicts between his testimony and the Dictionary of Occupational Titles ("DOT"). Social Security Ruling 00-04p governs how an ALJ may use vocational expert testimony in his decision: "When vocational evidence provided by a VE or VS is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the VE or VS evidence to support a determination or decision that the individual is or is not disabled." *Id.* at *4. The adjudicator must explain how he or she resolved the conflict irrespective of how the conflict was identified. *Id.*

The VE testified that Claimant was capable of performing unskilled sedentary work of

---

[1] Plaintiff also contends that the ALJ's failure to include limitations in stooping, as expressed by Dr. Waseem, was result oriented as it would have dictated a finding of disability. The inability to stoop, indeed, erodes the sedentary

6

an assembler, inspector/sorter and hand packer. R. at 444. While the VE did not provide specific corresponding DOT identification numbers, his testimony was consistent with the DOT. *Id*. at 445. Plaintiff directs the Court's attention to specific DOT occupations implying that the VE was referring to those and arguing that those occupations are inconsistent with unskilled sedentary work. For example, Claimant points to DOT 589.387-010, "Inspector and Sorter" noting that it is classified as light work with an SVP of 4 which is consistent with semi-skilled work. Similarly, she points to DOT 782.684-058 for the assembler position which is similarly classified as light and semi-skilled work. Finally, she references DOT 920.587-018 for the occupation of hand packager which is classified as light work. As mentioned above, although the VE did not provide DOT numbers for the jobs identified, he testified that the information provided was consistent with the *DOT*.

Based on a review of the testimony at the hearing and the colloquy among the ALJ, VE and Counsel for Plaintiff, the Court finds that the VE was not referencing the jobs now identified by Plaintiff. Indeed, the VE specifically testified that his testimony was consistent with the DOT. R. at 445. In addition, when identifying the position of assembler, the VE further explained that it would involve "sit[ting] and put[ting] small objects together, eyeglass frames, for example." R. at 444. As the Commissioner points out, this description is consistent with DOT 713.687-018, Final Assembler which indicates that the individual would "attach[] nose pads and temple pieces to optical frames . . .". Furthermore, it is classified as unskilled

---

base. *See* SSR 96-9p. However, the ALJ's finding to not credit Dr. Waseem's opinion in this regard is supported by substantial evidence. *See also* R. at 289 (report of Dr. Brahim placing no restriction on ability to stoop).

work (SVP 2) and sedentary which is fully consistent with the VE's testimony and Claimant's RFC. Moreover, the VE identified the occupation of sorter where the individual would "visually inspect items for defect." R. at 444. The DOT contains various occupations which are consistent with this description and Claimant's RFC. *See, e.g.* DICOT 734.687-082. Finally, the VE in this case was subject to cross-examination by Claimant's attorney and he failed to seek clarification with respect to the specific DOT numbers. R. at 447-48. The Court finds that the ALJ's finding at step five of the sequential evaluation is supported by substantial evidence. *See, e.g., Rollins v. Astrue,* C.A. No. 8:08-2663-HMH-BHH, 2009 WL 5195287 at * 15 (D.S.C. Dec. 22, 2009) ("As to the plaintiff's suggestion that the ALJ erred in failing to provide specific DOT numbers for the jobs recommended, it is unpersuasive. The regulations do not indicate that the VE or the ALJ are required to provide DOT numbers, but rather that the ALJ may "take administrative notice of reliable job information" such as that information contained in the DOT. *See* 20 C.F.R. §§ 404.1566(d), 416.966(d); *see also Taylor v. Astrue,* 2009 WL 50156, at *12, n. 6 (E.D.N.C. January 07, 2009). The Court also notes that counsel attended the administrative hearing and presumably had the opportunity to inquire of the VE as to specific DOT numbers, but declined to do so. *See Rollins*, 2009 WL 5195287 at * 15.

## V. Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED. A separate order shall issue.


Date November 10, 2011                _____/s/_____
                                      THOMAS M. DIGIROLAMO

United States Magistrate Judge

Copies to:
W. James Nicoll
Jenkins Block & Associates, P.C.
The Symphony Center
1040 Park Avenue
Suite 206
Baltimore, MD 21201


Allen F. Loucks
Assistant United States Attorney
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692